FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN - 9 2008

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) CR. NO. | 2:08-CR-7-WKW |
| | ) | [18 USC 922(g)(9); |
| ANTHONY TOLLIVER | ) | 18 USC 922 (a)(6); |
| | ) | 18 USC 924(c)(1)(A)(I) |
| | ) | 18 USC 924(a)(1)(A); |
| | ) | 21 USC 841(a)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about April 6, 2006, in Lowndes County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, did knowingly and intentionally distribute cocaine base, commonly known as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about April 6, 2006, in Lowndes County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, knowingly used and carried a firearm, during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to-wit: distribution of cocaine base, commonly known as "crack cocaine," as charged in Count 1, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 3

On or about April 13, 2006, in Lowndes County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, did knowingly and intentionally distribute cocaine base, commonly known as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

On or about January 31, 2007, in Butler County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, in connection with the acquisition of firearms, to wit:

1) a Hi Point, Model JHP, .45 caliber pistol;

2) a Hi Point, Model JHP, .45 caliber pistol;

3) a Ruger, Model Super Redhawk, .45/.454 caliber revolver;

4) a New England Firearms, Model Pardner Pump, 12 gauge shotgun,

from H & H Guns & Ammo, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to H & H Guns & Ammo, which statement was intended and likely to deceive H & H Guns & Ammo, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under Chapter 44 of Title 18, in that the defendant represented on a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that he had not previously been convicted in any court of a misdemeanor crime of domestic violence, when in truth and in fact he had been convicted of such a crime, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT 5

On or about January 31, 2007, in Butler County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, knowingly made a false statement and representation to H & H Guns & Ammo, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of H & H Guns & Ammo, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, in which he answered that he had not previously been convicted in any court of a misdemeanor crime of domestic violence, when in truth and in fact he had been convicted of such a crime, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT 6

On or about July 26, 2007, in Lowndes County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, having been convicted of a misdemeanor crime of domestic violence, to wit: June 6, 2005, Assault 3rd-Domestic, case number DC 05-391, in the District Court of Lowndes County, Alabama, did knowingly possess in and affecting commerce firearms, to-wit: two Hi Point, Model JHP, .45 Caliber pistols, better descriptions of which are unknown to the grand jury, in violation of Title 18, United States Code, Section 922(g)(9).

## COUNT 7

On or about August 3, 2007, in Lowndes County, within the Middle District of Alabama,

ANTHONY TOLLIVER,

defendant herein, having been convicted of a misdemeanor crime of domestic violence, to wit: June 6, 2005, Assault 3rd-Domestic, case number DC 05-391, in the District Court of Lowndes County,

Alabama, did knowingly possess in and affecting commerce firearms, to-wit:

1) a Jennings, Model Bryco 59, 9 mm pistol;

2) a Stevens, Model 62, .22 caliber rifle;

3) a Ruger, Model Super Redhawk, .45/.454 caliber revolver;

4) a New England Firearms H&R 1871, Model Pardner, 12 gauge shotgun,

better descriptions of which are unknown to the grand jury, in violation of Title 18, United States Code, Section 922(g)(9).

## FORFEITURE ALLEGATION

A.      Counts 1 through 7 of this indictment are hereby repeated and incorporated herein by reference.

B.      Upon conviction for any violation as alleged in Counts 2, 4, 5, 6 or 7 of this indictment, the defendant,

## ANTHONY TOLLIVER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of such offense or offenses, including but not limited to the following:

a Hi Point, Model JHP, .45 caliber pistol;

a Hi Point, Model JHP, .45 caliber pistol;

a Ruger, Model Super Redhawk, .45/.454 caliber revolver;

a New England Firearms, Model Pardner Pump, 12 gauge shotgun;

a Jennings, Model Bryco 59, 9mm pistol;

a Stevens, Model 62, .22 caliber rifle.

4

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
John T. Harmon
Assistant United States Attorney

_____
Matthew W. Shepherd
Assistant United States Attorney